

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

This Opinion
Overrules Opinion
♯ _WW-428_ _WW_ ᵗ5

March 9, 1959

Overrule: WW-900
When conflicts

Mr. Staley W. Mims, Chairman
Texas State Board of Registration
  for Public Surveyors
Austin, Texas

Opinion No. WW-569

Re: Whether Section 3 (c)
of the Registered Pub-
lic Surveyors Act of
1955 is void because
it embraces a subject
not expressed in the
title, as required by
Section 35, Article
III of the Texas Con-
stitution.

Dear Mr. Mims:

You have requested our opinion on whether Section 3
(c) of the Registered Public Surveyors Act of 1955, (Acts,
54th Legislature, Regular Session, 1955, Chapter 328, page
864, codified as Article 5282a, V.A.C.S.) is void because
it embraces a subject not expressed in the title as re-
quired by Section 35, Article III of the Texas Constitution.

The title of such Act is as follows:

"An Act creating a State Board of
Registration for Public Surveyors; pro-
viding for registration of public sur-
veyors; defining the terms 'Registered
Public Surveyor,' 'Public Surveying
and Public Surveyor,' 'person,' 'Board,'
and 'Secretary;' providing for exemp-
tions for certain persons in official
positions; creating a Board which shall
consist of six (6) members who shall be
citizens of the United States and resi-
dents of Texas; prescribing qualifica-
tions for membership on Board; providing
method of appointment and prescribing
term of office; defining a quorum of said
Board; providing for and prescribing oath
of office and the manner of filling

vacancies, as well as removal for cause; prescribing the powers and duties of the Board; providing for times and places of meetings of Board; providing for removal of the Chairman; authorizing the Board to adopt rules and regulations; authorizing employment of Executive Secretary, restricting salaries to those comparable in other departments of State; providing that no expense of the administration of the Act shall ever be charged against the General Fund of the State of Texas; prescribing the fees to be received by the Board; outlining qualifications for registration under the Act; providing for payment of annual registration fee and penalty for delay; prescribing method of revocation and reissuance of certificates; providing penalties for violations; providing for the disposition of money collected under the Act; providing a saving and severable clause; repealing laws in conflict; and declaring an emergency." (Emphasis added)

Section 3 of the body of the Act with which we are here concerned reads as follows:

"Sec. 3. The provisions of this Act shall not apply to any of the following:

"(a) County Surveyor acting in his official capacity as authorized by law.

"(b) Licensed State Land Surveyor when acting in his official capacity as authorized by law.

"(c) Registered Professional Engineer when practicing his profession as authorized by law.

"(d) Officer of a state, county, city or other political subdivision whose official duites include land surveying when acting in his official capacity.

"(e) Deputy, assistant or employee of any person exempted from the provisions of this Act by subsections (a), (b), and (c) of this Section when acting under the direction and supervision of such exempted person.

"(f) Assistant or employee of any Public Surveyor registered under the provisions of this Act while acting under the direction and supervision of such Registered Surveyor." (Emphasis added.)

You seek to be advised if a Registered Professional Engineer is exempt from the purview of such Act when he is practicing his profession as authorized by law, (when he is performing engineering duties pursuant to a Certificate of Registration as provided by Article 3271a, Vernon's Civil Statutes) or whether such exemption contained in Section 3(c) of the Surveyors Act is void.

In Attorney General's Opinion No. WW-428 (1958), we were of the opinion that, as a matter of construction, Registered Professional Engineers are exempted by the Act here under consideration when the Engineer did boundary surveying, while practicing his profession as authorized by law. It is still our opinion that such is the proper construction of the Act. However, the question raised here, and not reached or considered in WW-428, is whether the exemption as so construed is effective or whether the attempted exemption contravenes the Constitution of Texas, and is, therefore, void.

Section 35 of Article III of the Constitution of Texas provides in part:

"No bill, . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Mr. Staley W. Mims, page 4 (WW-569).

In our opinion, this question is controlled by Ward Cattle and Pasture Company v. Carpenter (1918), 109 Tex.105, 200 S.W. 521, wherein the Supreme Court of Texas, speaking through Chief Justice Phillipps, said in part:

> "The purpose of the constitutional provision in respect to the title of legislative acts is well understood. It is that by means of the title, the legislator may be reasonably apprised of the scope of the bill so that surprise and fraud in legislation may be prevented. True, according to previous decisions of this court, if the title had only declared that the purpose of the Act was to amend Article 7235 of the Revised Statutes, it would have supported an act amending the article so as to omit Matagarda County. But with this title announcing, as it does, that the article was to be amended in a particular way, no legislator would reasonably have conceived that it was to be amended in another way exactly contrary to that stated. This is a case illustrating the wisdom and justice of the constitutional provision." (Emphasis added.)

Also see Hamilton v. St. Louis Railroad Company, 115 Tex.455, 283 S.W.475, which reads in part as follows:

> " . . . A caption which declares a purpose to amend a statute by adding thereto a clause creating liability for injuries resulting in death when caused by the negligence of corporations, their agents, or servants cannot be regarded otherwise than as deceptive in so far as the amendment may seek to declare a liability for deaths occasioned, not by the negligence of corporations, their agents or servants, but for deaths occasioned by the negligence of persons, their agents or servants."

Mr. Staley W. Mims, page 5 (WW-569).


Also see 39 Tex.Jur. 100, which reads, in part as follows:

> "Whether a title is comprehensive or restricted, expressed in general terms or with particularity, it must be in agreement and conformity, and not at variance with the subject of the legislation. .. . .

> "A title is deceptive, false or misleading if it disguises the true purpose of the act and imports a subject different from that to which the act relates. And whether or not a title states the general purpose of the act, it is misleading if it states specific purposes in such manner as to conceal other purposes not stated. . . ." (Emphasis added.)

In Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, the Court said in part:

> " . . . A caption concealing the true purpose of a statute, and stating an altogether distinct and foreign purpose, is necessarily deceptive, and cannot be sustained as complying with Section 35 of Article 3 of the Constitution."

In Attorney General's Opinion No. 0-5189, (1943), in holding that the statute thereunder consideration was invalid, it was said that:

> " . . . It is not so written as to put a legislator on notice that one of the specific provisions of the Act (and one new to the law of Texas), prohibits the use of a form for recording births which may indicate that any such birth was illegitimate."

By Section 3 of the Act, three distinct groups of persons in official positions, namely, County Surveyors, Licensed State Land Surveyors, and officers of a State, County, City or other political subdivision, when acting

in their official capacities, are made exempt from the Act. Those exemptions, embraced in the Act, are apparently "expressed in the title." Subsection (c) of Section 3 of the Act undertakes to exempt an additional group or class, namely, a "Registered Professional Engineer when practicing his profession as authorized by law." Obviously, a professional engineer is not a person in an "official position" solely by force of being a professional engineer; and when practicing his profession as "authorized by law" he is not acting in an official capacity. He is acting only in a professional capacity, even though he may be licensed and authorized to so act by the stututes of this State. Such professional engineers are not embraced in the category of "persons in official positions" as expressed in the title of the Act, in our opinion. Nowhere does the title of the Act intimate or suggest that the Act shall not apply to a registered engineer when practicing his profession as authorized by law.

In our opinion, the title undertakes to specify by express language the "persons" who are exempt from the provisions of the Act. Such specification as expressed in the title is limited to certain persons holding official positions. Consequently, the exemptions embraced in Section 3(a), (b) and (d) are in harmony with the title; but the exemption embraced in Section 3(c) of the Act is not in harmony with the title and is not expressed in the title. Therefore, in our opinion, Section 3(c) of the Act is void, by force of Section 35, Article III of the Constitution of Texas.

Attorney General's Opinions WW-428 (1958) and WW-115 (1957) are hereby overruled and withdrawn.

### SUMMARY

Section 3(c) of the Registered
Public Surveyors Act of 1955
(Article 5282a, V.C.S.) is
void because it attempts to
exempt Registered Professional
Engineers from the provisions
of the Act, when such is not

expressed in the title as
required by Section 35, Article
III of the Texas Constitution.
Attorney General's Opinions
Nos. WW-428 (1958) and WW-115
(1957) are overruled and
withdrawn.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:ci/mfh

APPROVED.

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Marietta Payne
J. C. Davis, Jr.
John L. Estes

REVIEWED FOR THE ATTORNEY GENERAL

BY: W. V. GEPPERT